UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RICHARD ROSS KNAPP,<br><br>Plaintiff,<br><br>v.<br><br>DEKALB COUNTY SHERIFF DEPT.,<br><br>Defendant. | CAUSE NO. 1:26-CV-372-PPS-JEM |

OPINION AND ORDER

Richard Ross Knapp, a prisoner without a lawyer, filed a complaint alleging police officers did not take him "to the hospital for immediate medical assistance." [DE 1 at 3.] "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Knapp alleges DeKalb County Sheriff Department officers arrested a woman who pushed him down the stairs. After that arrest, Knapp alleges that the officers noticed certain injuries to Knapp's head, which he purports were inflicted by two other individuals. The officers allegedly photographed Knapp's head and body and took statements from Knapp and his wife. However, Knapp claims that the officers did not

offer medical assistance or "insist [that] [he] get immediate medical attention." [DE 1 at 2.] At bottom, Knapp asserts that he "should have been taken to the hospital for immediate medical assistance," and that his health has deteriorated due to his injuries. [*Id.* at 3.]

While I understand why Knapp believes the officers should have taken him to the hospital, he does not currently state a claim for relief against the DeKalb County Sheriff Department. "The government . . . has no affirmative constitutional duty to provide emergency medical services to its citizens." *Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996). And while most municipalities choose to provide such services, they have "no constitutional duty to provide competent services to people not in [their] custody." *Id.* For similar reasons, "neither do individuals have a right to be taken to the hospital of their choice, or even the nearest hospital." *See id.* (citing *Wideman v. Shallowford Community Hosp., Inc.,* 826 F.2d 1030, 1036 (11th Cir.1987)).

Moreover, as written, the complaint does not state that Knapp asked for medical assistance, and it is unclear how obviously he needed immediate care. But even assuming he did ask and it was obvious, the federal constitution "does not require the State to protect the life, liberty, and property of its citizens against invasion by private actors." *Town of Castle Rock, Colorado v. Gonzales*, 545 U.S. 748, 755 (2005) (cleaned up); *see, e.g.*, *Cowgill v. City of Marion*, 127 F. Supp. 2d 1047, 1050-51 (N.D. Ind. 2000) (dismissing claim alleging officers failed to render or seek medical care to plaintiff's decedent). To begin, "[t]here is no affirmative duty on police to investigate." *Whitlock v. Brueggemann*, 682 F.3d 567, 588 (7th Cir. 2012) (citing *Town of Castle Rock, Colorado*, 545

U.S. 748). And, in this case, the police did not take Knapp into custody or hinder him from seeking other sources of aid, like calling an ambulance or relying on a friend to take him to a hospital. *Archie v. City of Racine*, 847 F.2d 1211, 1223 (7th Cir. 1988). At bottom, while I understand why Knapp believes the police should have helped him, he does not state a claim against them for not taking him to the hospital after private actors beat him. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 203 (1989).

As such, this complaint does not state a claim for which relief can be granted. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A because the complaint does not state a claim for which relief can be granted.

SO ORDERED on September 30, 2026.

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT